UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

JUL 19 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HAMMERHEAD ENTERTAINMENT, LLC,

       Plaintiff,

v.                                      Civil Action No. 4:11cv65

ALLEN GEORGE ENNIS, and

WR ENTERTAINMENT GROUP, INC.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Hammerhead Entertainment, LLC's ("Hammerhead") motion for default judgment and entry of permanent injunction against Defendants Allen George Ennis and WR Entertainment Group, Inc. ("WR Entertainment"). After examination of the uncontested evidence submitted by Plaintiff in connection with the instant motion, as well as the record of this matter as a whole, the Court has determined that a hearing on the instant motion is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court **GRANTS IN PART** Plaintiff's motion and **DIRECTS** that default judgment be entered against Defendants in the manner detailed below.

## I. Facts and Procedural History

### A. Facts[1]

Plaintiff is a limited liability company that has been engaged, since at least April 18, 2008, in the business of marketing and selling bar and nightclub services in interstate commerce under the trademark WHISKY RIVER. Compl. ¶ 8. Plaintiff owns United States Trademark Registration No. 3,473,453 for WHISKY RIVER, which was registered on July 22, 2008 ("'453 Registration"). Compl. ¶ 9; Ex. A. According to the Complaint, the continuous use of this mark, coupled with the commercial success of Plaintiff's bar and nightclub establishments in Charlotte, North Carolina and Jacksonville, Florida, has led to significant brand recognition in the WHISKY RIVER mark. Compl. ¶ 11. As a result, the public has come to associate bar and nightclub services marketed under the WHISKY RIVER mark with Plaintiff. Compl. ¶ 12.

However, Plaintiff is not alone in its use of the mark WHISKY RIVER or a similar permutation thereof. At some point after Plaintiff registered and began using the WHISKY RIVER mark, Defendants began to use the name WHISKEY RIVER COUNTRY BAR & GRILL in connection with the marketing and selling of bar and

---

[1] The following facts are taken directly from the Plaintiff's Complaint. By their default, Defendants have conceded the factual allegations in the Complaint. See, e.g., Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

restaurant services. Compl. ¶ 13. To that end, in January of 2011, Defendant Ennis opened a bar and restaurant under the name WHISKEY RIVER COUNTRY BAR & GRILL in Chesapeake, Virginia. Compl. ¶ 21. According to Plaintiff, Defendants' use of the mark WHISKEY RIVER COUNTRY BAR & GRILL is targeted toward the same class of consumers as Plaintiff's business, namely, fans of country and rock music. Compl. ¶ 14. Defendants' use of the mark has continued despite the fact that Defendant Ennis has both actual and constructive notice of Plaintiff's rights to the WHISKY RIVER mark. Compl. ¶ 17.

Besides simply using the mark, on or about February 9, 2009, Defendant Ennis filed an application with the United States Patent and Trademark Office ("USPTO"), seeking to register the mark WHISKEY RIVER. Compl. ¶ 18. On December 29, 2009, Plaintiff filed with the Trademark Trial and Appeal Board of the USPTO an opposition to this application. Compl. ¶ 19. One of Plaintiff's concerns, according to the Complaint, is that "consumers familiar with Hammerhead's bar and nightclub establishments would likely assume incorrectly that the bar and restaurant services marketed and sold by Defendants under the name WHISKEY RIVER COUNTRY BAR & GRILL originated with Hammerhead, or alternatively that there is some type of affiliation between the parties...." Compl. ¶ 16.

## B. Procedural History

In response to the events outlined above, Plaintiff filed a Complaint in this Court on April 13, 2011. This Complaint asserts four claims against Defendants. First, the Complaint accuses Defendants of infringing on the registered trademark of Plaintiff, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114). Second, the Complaint asserts a claim against Defendants for false designation of origin, unfair competition and false advertising, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Third, Plaintiff alleges that Defendants have committed fraudulent procurement of a registration, in violation of Section 38 of the Lanham Act (15 U.S.C. § 1120), by making false statements in connection with their attempt to register the mark WHISKEY RIVER. Fourth, Plaintiff contends that Defendants have also engaged in unfair competition, in violation of the common law of the Commonwealth of Virginia.

After the filing of this lawsuit, the registered agent of Defendant WR Entertainment was served with process on April 28, 2011, which was followed by service of process on Defendant Ennis on May 2, 2011. Docket Nos. 4 and 5. Since those dates, neither Defendant has made an appearance or filed any response in regards to the action initiated by the Plaintiff. As a result, on May 27, 2011, Plaintiff moved for an entry of

4

default, Docket No. 6, and on May 31, 2011, the Clerk of this Court entered Default against both Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer to the Complaint in this action. Docket No. 7. On that same day, Plaintiff moved the Court for the entry of a default judgment and the entry of a permanent injunction. Docket No. 8. It is this motion addressed below.

## II. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Such is the case here, and the Clerk has, as noted above, already entered default against Defendants. In such a situation, the plaintiff may then move for a default judgment. Default judgment may be entered by the clerk if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation by the clerk. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

In considering whether to enter default judgment, the Court recognizes that, by their default, defendants have conceded the factual allegations in the Complaint. See, e.g., Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

However, default does not constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the movant's] complaint support the relief sought in [the] action." Id. at 780. In performing that task, the Court will examine the essential elements of each of Plaintiff's claims and determine whether Plaintiff has pled facts sufficient to satisfy those elements.

### III. Discussion

#### A. Registered Trademark Infringement

In Count I, Plaintiff accuses Defendants of registered trademark infringement in violation of Section 32 of the Lanham Act, codified at Title 15 of the United States Code, Section 1114. In order to succeed on such a claim, Plaintiff must prove that (1) it possesses a mark; (2) Defendants used the mark; (3) Defendants' use of the mark occurred in commerce; (4) Defendants used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) Defendants used the mark in a manner likely to confuse consumers as to the source or origin of goods or services. Rosetta Stone Ltd. v. Google Inc., 730 F. Supp. 2d 531, 540 (E.D. Va. 2010)

(citing <u>People for the Ethical Treatment of Animals v. Doughney</u>, 263 F.3d 359, 364 (4th Cir. 2001)). After a review of the Complaint and the applicable law, the Court concludes that Plaintiff has successfully made out a claim of registered trademark infringement.

As to each specific element, the Complaint satisfies element one - Plaintiff's possession of the mark - because it alleges that Plaintiff has owned the '453 Registration since registering it with the USPTO on July 22, 2008, the registration is valid, and the registration has not been canceled. Compl. ¶¶ 9, 10. With respect to element two, the Complaint clearly alleges use of a similar mark by Defendants. It states that Defendants "commenced using the name and mark WHISKEY RIVER COUNTRY BAR & GRILL in connection with the marketing and sale of bar and restaurant services" in Chesapeake, Virginia. Compl. ¶ 13.

As to element three, in order to support a cognizable cause of action the Complaint must allege that Defendants used the mark in commerce. Title 15 of the United States Code, Section 1127 provides that the phrase "use in commerce," with respect to services, means "used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the

services is engaged in commerce in connection with the services." 15 U.S.C. § 1127. In the present case, the Complaint makes allegations satisfying the "use in commerce" requirement. According to the Complaint, Defendants used the phrase WHISKEY RIVER COUNTRY BAR & GRILL in the advertising of their services on Facebook. See Compl. ¶ 14; Ex. B. Additionally, the services have been rendered in commerce[2] because Defendants used the mark "in connection with the marketing and sale of bar and restaurant services," Compl. ¶ 13, and Ennis "opened the bar and restaurant under the name WHISKEY RIVER COUNTRY BAR & GRILL." Compl. ¶ 21. These same allegations also satisfy the requirements of element four of the test for trademark infringement, namely that Defendants used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services.

Lastly, the facts asserted in Plaintiff's Complaint also satisfy element five. In a trademark infringement action, the Plaintiff must allege that Defendants used the mark in a manner likely to confuse consumers as to the source or origin of goods or services. "A likelihood of confusion exists if 'the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services

---

[2] "The word 'commerce' means all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127.

8

in question.'" <u>George & Co., LLC v. Imagination Entm't Ltd.</u>,
575 F.3d 383, 393 (4th Cir. 2009) (quoting <u>CareFirst of Md.,</u>
<u>Inc. v. First Care, P.C.</u>, 434 F.3d 263, 267 (4th Cir. 2006)).
The Court of Appeals for the Fourth Circuit has counseled that
courts are to look at nine factors when assessing whether
likelihood of confusion exists. These nine factors are as
follows:

> (1) the strength or distinctiveness of the plaintiff's
> mark as actually used in the marketplace; (2) the
> similarity of the two marks to consumers; (3) the
> similarity of the goods or services that the marks
> identify; (4) the similarity of the facilities used by
> the markholders; (5) the similarity of advertising
> used by the markholders; (6) the defendant's intent;
> (7) actual confusion; (8) the quality of the
> defendant's product; and (9) the sophistication of the
> consuming public.

<u>Id.</u> These factors are not all of equal importance, nor are they
all necessarily relevant to the confusion analysis in each case.
<u>Id.</u> "[T]hey are 'only a guide--catalog of various
considerations that may be relevant in determining the ultimate
statutory question of likelihood of confusion.'" <u>Id.</u> (quoting
<u>Anheuser-Busch, Inc. v. L & L Wings, Inc.</u>, 962 F.2d 316, 320
(4th Cir. 1992)).

When considering many of the factors above, the Court holds
that the Complaint alleges sufficient facts to support the
conclusion that it is likely consumers would be confused by the
use of the two marks. While the Complaint does not provide

9

sufficient information for the Court to make informed decisions with respect to all of the factors, the factors the Court has considered strongly point to the likelihood of confusion for several reasons. First, the marks are very similar. Plaintiff's mark is registered as WHISKY RIVER, while Defendants use the phrase WHISKEY RIVER COUNTRY BAR AND GRILL to advertise their services and restaurant. The Court recognizes that Defendants spell "whiskey" with an "e," while Plaintiff does not, however such a distinction does not readily differentiate the two marks. Second, the marks are used in conjunction with very similar services. According to the Complaint, the marks "are targeted at the same class of consumers," "namely fans of country and rock music." Compl. ¶ 14. Third, the facilities of the markholders are likely similar as well. Plaintiff contends that both parties operate bars and nightclubs, with Plaintiff's target audience being fans of country and rock music, and Defendants marketing their services as a "Country Bar and Grill" with "Rock/Country Music" performances. Compl. ¶ 14; Ex. B. Fourth, Plaintiff's Complaint alleges that there has been actual confusion in the marketplace. According to the Complaint, "Defendants' unauthorized use of the name and mark WHISKEY RIVER COUNTRY BAR & GRILL has caused...confusion, mistake or deception as to the origin of their bar and restaurant services...." Compl. ¶ 26 (emphasis added). Although the Court is unable to

10

draw factual conclusions regarding the outcome of the remaining factors, it does appear to the Court that there is a significant likelihood of confusion between the two marks. Consequently, since the Court concludes that Plaintiff has alleged facts supporting each element of its trademark infringement claim, the Court **GRANTS** Plaintiff's motion for entry of default judgment with respect to Count I.

### B. False Designation of Origin; Unfair Competition

In Count II, Plaintiff asserts a claim against Defendants for False Designation of Origin, Unfair Competition, and False Advertising, in violation of Title 15 of the United States Code, Section 1125(a). According to the Fourth Circuit, both trademark infringement claims and false designation of origin claims have the same five elements.

> To prevail under either cause of action, the trademark holder must prove: '(1) that it possesses a mark; (2) that the [opposing party] used the mark; (3) that the [opposing party's] use of the mark occurred 'in commerce'; (4) that the [opposing party] used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the [opposing party] used the mark in a manner likely to confuse consumers.'

Lamparello v. Falwell, 420 F.3d 309, 313 (4th Cir. 2005) (quoting People for the Ethical Treatment of Animals, 263 F.3d at 364). See also Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 145, 148 (4th Cir. 1987) (citations omitted) (stating that under 15 U.S.C. § 1114(1) the test is "whether there is a

11

likelihood of confusion of the counterfeit with the genuine goods" and under 15 U.S.C. § 1125(a) "the test is substantially the same, whether there is a confusing similarity between the two marks."); Bogopa Serv. Corp. v. Shulga, No. 3:08cv365, 2011 U.S. Dist. LEXIS 17408, at *3-4 (W.D.N.C. Feb. 8, 2011) (citing Lamparello for the proposition that the "elements of false designation of origin are identical to those of mark infringement"); Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft, 213 F. Supp. 2d 612, 619 (E.D. Va. 2002) (recognizing that the same elements apply to a claim under 15 U.S.C. § 1114 and 1125(a)).

In the present case, the Court determined above that the facts alleged in Plaintiff's Complaint satisfy the required elements of a trademark infringement action. Given the fact that the elements of trademark infringement are identical to the elements of a false designation of origin claim, the Court concludes that the Complaint also alleges sufficient facts to satisfy Plaintiff's claim of false designation of origin against Defendants. Consequently, the Court **GRANTS** Plaintiff's motion for entry of default judgment with respect to Count II.

### C. Fraudulent Procurement of a Registration

In Count III, Plaintiff sues Defendants for Fraudulent Procurement of a Registration, in violation of Title 15 of the United States Code, Section 1120. According to that code

provision, "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120.

Supporting Plaintiff's claim that Defendants violated this code provision, the Complaint states that "Ennis filed Application Serial Number 77/666,841 with the [USPTO] to register the mark WHISKEY RIVER in standard characters on or about February 9, 2009." Compl. ¶ 18. This application, according to Plaintiff, contains materially false statements. Specifically, Plaintiff asserts that Ennis misled the USPTO when he represented to it that he had used the WHISKEY RIVER mark in commerce for each of the services listed in the application "when he in fact had made no *bona fide* use of the mark in the ordinary course of trade." Compl. ¶ 44.

The Court, however, need not decide whether Defendants made false statements to the USPTO because it concludes, on other grounds, that Plaintiff has not stated a claim for relief at the present time under 15 U.S.C. § 1120. Despite the filing of the application, Defendants have not yet obtained registration of their mark. While the Complaint does not state this plainly, such a state of facts can be inferred from Plaintiff's request

13

that the <u>application</u> be deemed void *ab initio* and the allegation that "<u>if Ennis is permitted registration</u> of the '841 Application, Hammerhead will be irreparably damaged...." Compl. ¶¶ 46, 47 (emphasis added). As such, Defendant Ennis has failed to "procure registration" of the mark for which he applied – a necessary precursor to civil damages under 15 U.S.C. § 1120. See 15 U.S.C. § 1120.

Numerous courts that have addressed the issue have held that a cause of action cannot lie if the false statements were made in conjunction with the application for a mark that has not yet been registered. For example, in <u>Dunn Computer Corp. v. Loudcloud, Inc.</u>, a case in this District, the court was faced with a multi-count trademark action between two companies engaged in providing network and computer services. 133 F. Supp. 2d 823, 824-25 (E.D. Va. 2001). One such count fell under 15 U.S.C. § 1120. The court held that the plaintiff could not maintain a claim under that statute because the defendant had not "procured" the registration within the meaning of the statute. <u>Id.</u> at 831. According to the court, the statutory provision only applied to defendants that had already "obtained" registration of a mark, rather than those who had simply "applied for" registration of such a mark. <u>Id.</u> Quoting the United States Court of Appeals for the Seventh Circuit, the court concluded that "'Section 38 makes sense when 'procure' is

14

taken to mean 'obtain' and little sense when taken to mean 'apply for.'''"  Id. (quoting Country Mut. Ins. Co. v. Am. Farm Bureau Fed'n, 876 F.2d 599, 601 (7th Cir. 1989)).  As a result, one reason the plaintiff had not asserted a valid claim under Section 38 of the Lanham Act in that case was because the defendant had not "procured registration of a mark."  Id. at 833.  See Estate of Edgerton v. UPI Holdings, Inc., No. CCB-09-1825, 2010 U.S. Dist. LEXIS 66274, at *27 (D. Md. July 1, 2010) (citations omitted) (holding that the plaintiff's fraudulent procurement claim fails because the defendants have not actually registered the relevant trademarks and thus "have not procured registration of the trademarks"); GMA Accessories, Inc. v. Idea Nuova, Inc., 157 F. Supp. 2d 234, 242 (S.D.N.Y. 2000) (citations omitted) ("[B]y its terms Section 38, 15 U.S.C. § 1120, does not apply to trademark applications that have not been registered.").

In the present case, since Defendants have not yet successfully registered the mark WHISKEY RIVER, Plaintiff cannot prevail in an action based on Section 38 of the Lanham Act. Consequently, the Court **DENIES** Plaintiff's motion for entry of default judgment with respect to Count III.

### D. Common Law Unfair Competition

In Count IV, Plaintiff asserts a claim of unfair competition against Defendants under the common law of the

15

Commonwealth of Virginia.   The Fourth Circuit has held that "[t]he test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law because both address the likelihood of confusion as to the source of the goods or services involved." Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 930 n.10 (4th Cir. 1995) (citing Food Fair Stores, Inc. v. Lakeland Grocery Corp., 301 F.2d 156, 160 (4th Cir. 1962), cert. denied, 371 U.S 817 (1962)).  See Lamparello, 420 F.3d at 312 n.1 (noting that the test for trademark infringement is the same as for common law unfair competition under Virginia law, and therefore "Reverend Falwell's state-law unfair competition claim rises or falls with his federal claims of infringement and false designation of origin. Therefore, [the court] will not analyze his state-law claim separately").

Given the fact that the tests for both trademark infringement under the Lanham Act and common law unfair competition under Virginia law are the same, and the Court concluded above that Plaintiff had pled "likelihood of confusion" sufficient to maintain a trademark infringement action, the Court concludes that Plaintiff has also proven a common law claim for unfair competition.   As a result, the Court

**GRANTS** Plaintiff's motion for entry of default judgment with respect to Count IV.

### E. Remedies Sought

Although the Court has already determined above that Plaintiff has supported its legal claims with sufficient facts for three of the four counts alleged, the Court must still determine whether it can properly provide the relief which Plaintiff seeks. In the Complaint, Plaintiff requests the Court grant a series of remedies in favor of Plaintiff. However, in Plaintiff's motion for default judgment, it does not request the full scope of remedies initially listed in the Complaint. As a result, the Court will only address the relief requested in Plaintiff's motion.

First, Plaintiff seeks to have the Court enjoin Defendants, and their agents, servants, employees, and all persons acting in concert with Defendants, from using or contributing to the use of the names and marks WHISKEY RIVER or WHISKEY RIVER COUNTRY BAR & GRILL, as well as other marks that are confusingly similar to those marks, in connection with restaurant or bar services. Pl's Mem. Supp. Default J. 6. Similarly, Plaintiff also seeks to enjoin Defendants from persisting in their acts of unfair competition. Id. Second, Plaintiff requests that this Court order Defendants, their agents, servants, employees and all persons acting in concert with Defendants, to deliver up for

17

destruction all labels, signs, prints, packages, wrappers, catalogs, advertisements and other printed or electronic material bearing the names and marks WHISKEY RIVER or WHISKEY RIVER COUNTRY BAR & GRILL in their possession and all plates, molds, matrices or other means of making the same. Id. Third, Plaintiff requests that the Court declare Defendants' pending trademark application void on account of the fact that it relies on fraudulent statements for support. Id. at 6-7. The propriety of these three requests will be addressed below.

### i. Injunction

Under the Lanham Act, Courts have authority to grant injunctive relief for trademark infringement according to the principles of equity. See 15 U.S.C. § 1116(a) ("The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office...."). Moreover, such injunctions can be granted in the context of a default judgment. See, e.g., Toolchex, Inc. v. Trainor, No. 3:08-cv-236, 2009 U.S. Dist. LEXIS 64186, at *18 (E.D. Va. July 24, 2009) (granting Plaintiff's motion for default judgment and permanent injunction). "In order to award a permanent injunction, Plaintiff must demonstrate irreparable

harm, the inadequacy of a legal remedy (monetary damages), a weight in its favor when balancing hardships, and that the public would not be disserved by making the injunction permanent." Id. at *4 (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

With respect to the first factor, the allegations in Plaintiff's Complaint, which shall be deemed admitted in light of Defendants' default, sufficiently prove irreparable injury. The Complaint alleges that Plaintiff's mark is a well-known symbol of its bar and nightclub services and that Defendants have used similar marks in connection with the same type of business venture, targeting the same class of consumers as Plaintiff. If Defendants' use were to continue, the potential exists for consumers familiar with Plaintiff's services to incorrectly assume that Defendants' services are affiliated with Plaintiff. Moreover, Defendant Ennis is aware of Plaintiff's mark, and has continued to use it in the bar and nightclub industry. Compl. ¶ 21. Given these facts, and the Fourth Circuit's recognition that "irreparable injury regularly follows from trademark infringement," Lone Star Steakhouse & Saloon, 43 F.3d at 939, the Court concludes that Plaintiff has satisfied the first prong necessary for the issuance of a permanent injunction.

Plaintiff has also shown the inadequacy of legal remedies. Plaintiff's Complaint paints a picture of several Defendants who are well aware of Plaintiff's claim to the WHISKY RIVER mark in the country and rock bar and nightclub industry, yet continue to use a similar mark in their own business endeavors. See Compl. ¶ 21 ("Despite actual and constructive notice of [Plaintiff's objections to the use of WHISKEY RIVER], Ennis...commence[d] use of this mark and subsequently opened the bar and restaurant under the name WHISKEY RIVER COUNTRY BAR & GRILL...."). While monetary damages, if requested in Plaintiff's motion, might compensate Plaintiff for any losses it has already suffered or ill-gotten gains that Defendants have already received, such damages will not prevent future infringement from occurring. The denial of an injunction would force Plaintiff "to suffer continued infringement and to bring successive suits for monetary damages." Teaching Co. Ltd. P'ship v. Unapix Entm't, Inc. 87 F. Supp. 2d 567, 587 (E.D. Va. 2000) (citations omitted). Accordingly, legal remedies are inadequate to remedy the violations in this case.

Plaintiff has also demonstrated that the balance of hardships weighs in its favor. Defendants possess no legal right to continue their current course of conduct - namely, operating a business under a mark very similar to Plaintiff's in an industry identical or closely akin to the industry in which

Plaintiff operates.   The Defendants' continued use of marks similar to Plaintiff's has the potential to further mislead consumers as to the origin and affiliation of Defendants' services and raises the prospect of undermining the goodwill Plaintiff has developed in the country and rock bar and nightclub service industry.   As a result, factor three favors the issuance of a permanent injunction.

The Court also resolves the fourth factor in Plaintiff's favor.   The public interest would not be disserved by the granting of a permanent injunction.   Since preventing confusion is in the public's interest, Toolchex, Inc., 2009 U.S. Dist. LEXIS at *7, and the Defendants, through their default, have admitted that their use of the mark WHISKEY RIVER COUNTRY BAR & GRILL "has caused and is likely to cause confusion, mistake or deception as to the origin of their bar and restaurant services," Compl. ¶ 26, the public would be served by the granting of a permanent injunction.   See, e.g., Innovative Value Corp. v. Bluestone Fin., LLC., No. DKC 2009-0111, 2009 U.S. Dist. LEXIS 96225, at *7 (D. Md. Oct. 15, 2009) ("[T]he public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of Plaintiffs' mark than in allowing Defendant to continue to use the mark in violation of Plaintiffs' rights.").

For the reasons stated above, the entry of a permanent injunction against Defendants is appropriate. Therefore, the Court **GRANTS** Plaintiff's request for entry of a permanent injunction. Defendants, their agents, servants, employees and all those persons who are in active concert or participation with Defendants, who receive actual notice of this injunction, are **PERMANENTLY ENJOINED** from directly or indirectly using, or inducing or contributing to the use of, the names and marks WHISKEY RIVER and/or WHISKEY RIVER COUNTRY BAR & GRILL, or any other name and mark similar to the WHISKY RIVER mark, so as to be likely to cause confusion, mistake or deception in the marketplace and in the general public. Given this injunction, the Court sees no need to enter Plaintiff's additional requested injunction – enjoining Defendants from committing acts of unfair competition – because the actions which have supported Plaintiff's unfair competition claim must cease pursuant to the injunction entered above, and therefore a second injunction would be redundant.

## ii. Destruction

Plaintiff also requests that the Court order Defendants, their agents, servants, employees and all persons acting in concert with Defendants, to deliver for destruction all labels, signs, prints, packages, wrappers, catalogs, advertisements and other printed or electronic material bearing the names and marks

WHISKEY RIVER or WHISKEY RIVER COUNTRY BAR & GRILL in their possession and all plates, molds, matrices or other means of making the same.  The Court has the power to order such action pursuant to 15 U.S.C. § 1118, which reads:

> In any action arising under this Act, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) [15 U.S.C. § 1125(a)], or a willful violation under section 43(c) [15 U.S.C. § 1125(c)], shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 43(a) [15 U.S.C. § 1125(a)] or a willful violation under section 43(c) [15 U.S.C. § 1125(c)], the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed....

15 U.S.C. § 1118.  However, given the fact that the statute states that the court *may* order such action, the decision is left to the discretion of the Court.  See Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc., 589 F. Supp. 2d 25, 33 (D.D.C. 2008) (citations omitted) ("The decision whether to order Defendant to 'deliver [] up and destroy' all papers, signs, labels, prints, packages, advertising or other promotional materials bearing Plaintiff's trademark is committed to the Court's discretion.").

Previously in this Opinion and Order, the Court concluded that Defendants had engaged in trademark infringement and actions constituting false designation of origin. As a result, such violations "have been established," which is a necessary precursor to ordering the destruction of items pursuant to 15 U.S.C. § 1118. See 15 U.S.C. § 1118. Given this finding, "the Court is of the view that the return and destruction of infringing materials is reasonable, will provide a more effective remedy, and significantly reduce the likelihood of any further confusion." E.I DuPont De Nemours and Co. v. Magic Touch Cleaning and Restoration, Inc., No. 5:10-cv-381-Oc-34TEM, 2011 U.S. Dist. LEXIS 71662, at *4 (M.D. Fla. Jul. 5, 2011). Therefore, Defendants are **ORDERED** to deliver to Plaintiff by **AUGUST 19, 2011** all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the names and marks WHISKEY RIVER and/or WHISKEY RIVER COUNTRY BAR & GRILL owned[3] by Defendants, and all plates, molds, matrices, and other means of making the same.

---

[3] The Court has chosen to apply this Order regarding delivery only to those items owned by Defendants, rather than all items in Defendants' possession, because it is possible that goods possessed by Defendants may be owned by non-parties, and requiring the delivery of such items would raise due process concerns on account of the lack of notice to such parties. See NASCAR v. Doe, 584 F. Supp. 2d 824, 829-30 (W.D.N.C. 2008).

### iii. Declaration of Application as Void

Plaintiff also requests that the Court declare that the application filed by Ennis before the USPTO, which seeks to register the mark WHISKEY RIVER, is void because the application is based on false and deceptive statements. While the Court makes no determination as to whether Ennis has made fraudulent statements to the USPTO, the Court concludes that it is without statutory authority to grant the relief Plaintiff seeks.

"Section 1119 of Title 15...vests a federal court with the authority to 'order the cancellation of registrations.'" Synergistic Int'l, LLC v. Korman, 470 F.3d 162, 169 n.8 (4th Cir. 2006). While this section is "the basis for a federal court's power over the trademark register," this power "is limited to lawsuits 'involving a registered mark.'" 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 30:113.50 (4th ed.). "Thus, federal courts have held that they have no jurisdiction or power to cancel a pending application which has not matured into a registration." Id. (citations omitted). For example, in Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005), the defendant filed a counterclaim to cancel the plaintiff's application to register two service marks with the USPTO. The Gagnon court began its analysis by first noting that "[f]ederal courts are given the power to cancel registered marks by 15

25

U.S.C. § 1119...." Id. at 1211. However, the court continued, "[a] registered mark must exist before an action 'involves a registered mark.' A mark does not become registered until the USPTO does so." Id. (citations omitted). As a result, the court concluded that "in order to state a claim under these statutory provisions, one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient." Id. Consequently, the court dismissed the claim, stating "[a] pending application for a service mark is insufficient to satisfy the statutory requirement under section 1119 that the action involve a registered mark." Id. See Qwest Communs. Int'l v. Sonny Corp., No. C06-0020P, 2006 U.S. Dist. LEXIS 87007, at *7-8 (W.D. Wash. Nov. 30, 2006) ("Although Section 37 of the Lanham Act (15 U.S.C. § 1119) authorizes a court to order the cancellation of a trademark registration, the statute does not authorize a court to cancel a pending trademark application - a distinction that has been noted by other courts."); GMA Accessories, Inc., 157 F. Supp. 2d at 241 ("Idea Nuova cites no authority for the proposition that § 37 permits a district court to cancel a pending trademark application.").

While the authorities discussed above are not binding precedent on this Court, the Court does find the logic of those decisions persuasive. Therefore, the Court concludes that it lacks the statutory authority to cancel a pending application

for registration. Thus, the Court **DENIES** Plaintiff's requested relief to that end.

## IV. Conclusion

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiff's motion for default judgment and entry of permanent injunction. Specifically, Default Judgment will be **ENTERED** with respect to Counts I, II, and IV. As to Plaintiff's requested relief, Defendants, their agents, servants, employees and all those persons who are in active concert or participation with Defendants, who receive actual notice of this injunction, are **PERMANENTLY ENJOINED** from directly or indirectly using, or inducing or contributing to the use of, the names and marks WHISKEY RIVER and/or WHISKEY RIVER COUNTRY BAR & GRILL, or any other name and mark similar to the WHISKY RIVER mark, so as to be likely to cause confusion, mistake or deception in the marketplace and in the general public. Further, the Court **ORDERS** Defendants to deliver to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the names and marks WHISKEY RIVER and/or WHISKEY RIVER COUNTRY BAR & GRILL in their possession, and all plates, molds, matrices, and other means of making the same. Such delivery must occur by **August 19, 2011**. The Court **DECLINES** Plaintiff's request to cancel Defendant Ennis' application to register the mark WHISKEY RIVER because the Court concludes that

27

it lacks the statutory authority to grant such relief at the present time.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for Plaintiff, to Defendant Ennis, and to Defendant WR Entertainment's registered agent.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
United States District Judge

July 18, 2011
Norfolk, Virginia